IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY STANGER, On Behalf of Himself and All Others Similarly Situated, ) ) ) | |
| ) | COLLECTIVE ACTION |
| *Plaintiff*, ) ) | |
| ) | CASE NO. _____ |
| v. ) ) | |
| ) | JUDGE _____ |
| MARRIOTT HOTEL SERVICES, INC. ) d/b/a GAYLORD OPRYLAND RESORT ) & CONVENTION CENTER, ) ) | JURY DEMAND |
| *Defendant*. ) | |

## COLLECTIVE ACTION COMPLAINT

1. Plaintiff Timothy Stanger ("Plaintiff") brings this action against Defendant Marriott Hotel Services, Inc. d/b/a Gaylord Opryland Resort & Convention Center ("Defendant"), to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff asserts these FLSA claims as a collective action on behalf of himself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. Defendant operates Gaylord Opryland Resort & Convention Center, where it employs individuals who it pays a tipped hourly rate of less than the $7.25 per hour minimum wage mandated by the FLSA as well as compulsory service charges and tips (referred to herein as "Tipped Employees"). Defendant has routinely comingled tips and service charges, categorizing large amounts of service charges as tips.

3. Plaintiff alleges that this pay practice violates the FLSA in two ways. First, it fails to satisfy the requirements of Section 3(m) of the FLSA, 29 U.S.C. § 203(m), to take the "tip credit" to meet the minimum wage requirement as to Plaintiff and other Tipped Employees.

Second, it results in an underpayment of overtime by not counting all service charges when calculating the regular rate for purposes of calculating the proper overtime rate for Plaintiff and other Tipped Employees.

## I. VENUE

4. This Court has jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and raise a federal question pursuant to 28 U.S.C. § 1331.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district and conducts business in this district.

## II. PARTIES

### A. Plaintiff

6. Plaintiff is over the age of nineteen (19) and is a resident of Nashville, Davidson County, Tennessee. Plaintiff has been employed at Defendant's Gaylord Opryland Resort & Convention Center in Nashville, Tennessee since June 2021 as a bartender.

7. Plaintiff brings this action on behalf of himself and all Tipped Employees at Defendant's Gaylord Opryland Resort & Convention Center in Nashville, Tennessee who file consent forms to join this action pursuant to 29 U.S.C. § 216(b).

### B. Defendant

8. Defendant Marriott Hotel Services, Inc. is a Delaware Corporation with its principal place of business located at 10400 Fernwood Road, Bethesda, Maryland 20817-1102.

9. Defendant does business as Gaylord Opryland Resort & Convention Center at 2800 Opryland Drive, Nashville, Tennessee 37214.

10. Defendant's registered agent with the Secretary of State of Tennessee is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

11. Defendant is the entity that has employed all Tipped Employees, including Plaintiff, who have worked at Gaylord Opryland Resort & Convention Center during the statutory period.

12. At all relevant times, Defendant has been regularly engaged in interstate commerce and/or the production of goods for interstate commerce.

13. At all relevant times, Defendant has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07.

### III. FACTS

14. Plaintiff and those he seeks to represent are current and former Tipped Employees at Gaylord Opryland Resort & Convention Center.

15. Plaintiff works as a bartender for Defendant at Gaylord Opryland Resort & Convention Center. Plaintiff has worked at several different outlets in Gaylord Opryland Resort & Convention Center, including but not limited to Old Hickory, Jack Daniels Restaurant and Bar, Fuse, and the Satellite Bar

16. Defendant purports to utilize a "tip credit" for each hour worked by Plaintiff and other Tipped Employees at Gaylord Opryland Resort & Convention Center in order to satisfy the minimum wage and overtime requirements of the FLSA. *See* 29 U.S.C. § 203(m).

17. Defendant pays Plaintiff and other Tipped Employees at Gaylord Opryland Resort & Convention Center a tipped hourly wage below $7.25 per hour.

18. Defendant pays Plaintiff and other Tipped Employees service charges, which make up a fixed part of customers' bills that customers must pay and may not choose not to pay. These are referred to herein as "compulsory service charges."

19. In addition to the amounts paid by Defendant, Plaintiff and other Tipped Employees also receive customer tips, which customers may choose to pay or not pay. These are referred to

herein as "voluntary tips."

20. Defendant commingles some or all of the voluntary tips and compulsory service charges Plaintiff and other Tipped Employees receive.

21. By commingling some or all of the voluntary tips and compulsory service charges Plaintiff and other Tipped Employees receive, Defendant designates some or all of the compulsory service charges as voluntary tips.

22. By designating some or all of the compulsory service charges as voluntary tips, Defendant takes credit toward the minimum wage requirement for more voluntary tips than Plaintiff and other Tipped Employees actually earn.

23. Similarly, by designating some or all of the compulsory service charges as voluntary tips, counts as wages a lower amount of compulsory service charges than it actually pays to Plaintiff and other Tipped Employees.

24. These pay practices are the same for all Tipped Employees at Gaylord Opryland Resort & Convention Center, regardless of which outlets or parts of Gaylord Opryland Resort & Convention Center they work in. Indeed, they have been the same as applied to Plaintiff regardless of which outlet he is working in.

25. These pay practices fail to satisfy the requirements of the tip credit and result in payment of a lower overtime rate for hours over 40 in a workweek than permitted under the FLSA.

26. As a result, Defendant has failed to pay Plaintiff and other Tipped Employees all minimum wages and overtime owed to them.

27. Plaintiff complained to Defendant's management about these issues repeatedly.

28. Defendant knew and acted with reckless disregard of the fact that its policies for Tipped Employees violate the FLSA.

4

Case 3:22-cv-00800   Document 1   Filed 10/10/22   Page 4 of 8 PageID #: 4

## IV. COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff asserts his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of all similarly situated individuals who fall into the following definition and join this action by filing a consent form:

> All current and former Tipped Employees employed at Gaylord Opryland Resort & Convention Center at any time since October 10, 2019.

30. Plaintiff's claims should proceed as a collective action because Plaintiff and all other Tipped Employees worked pursuant to the common pay policies described herein and are therefore "similarly situated" as that term is defined in 29 U.S.C. § 216(b).

## V. CAUSES OF ACTION

### COUNT I
### TIP CREDIT – MINIMUM WAGE AND OVERTIME VIOLATIONS

31. All previous paragraphs are incorporated as though fully set forth herein.

32. Plaintiff asserts this claim on behalf of himself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

33. At all times material to the allegations herein, Plaintiff was an employee of Defendant and entitled to the FLSA's protections.

34. Defendant is an employer covered by the FLSA.

35. The FLSA requires employees be paid for all time worked.

36. The FLSA entitles employees to a minimum hourly wage of $7.25 per hour for every hour worked. *See* 29 U.S.C. § 206(a).

37. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. *See* 29 U.S.C. § 207. The statutory minimum wage for overtime hours is $10.88 per hour—*i.e.*, 1.5 times $7.25

per hour. 29 U.S.C. §§ 206, 207.

38. While employers may utilize a tip credit to satisfy their wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

39. An employer may not utilize the tip credit to satisfy its minimum wage and overtime obligations where it is not relying on "the value of the tips actually received by an employee." 29 U.S.C. § 203(m)(2).

40. Voluntary tips are tips under the FLSA. *See, e.g.*, 29 C.F.R. §§ 531.52(a), 531.53.

41. Compulsory service charges are not tips under the FLSA. *See, e.g.*, 29 C.F.R. § 531.55.

42. By designating compulsory service payments as voluntary tips, Defendant inflates the amount of voluntary tips above the value of the tips actually received by an employee.

43. As a result, Defendant has forfeited its right to rely on the tip credit to meet its minimum and overtime wage obligations to Plaintiff and other Tipped Employees.

44. Defendant has therefore violated the FLSA by not paying Plaintiff and other Tipped Employees for all time worked at an amount of at least $7.25 per hour (and at least $10.88 per hour for overtime hours, *i.e.*, hours over 40 in a workweek).

45. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### SERVICE CHARGE – UNDERPAYMENT OF OVERTIME VIOLATIONS

46. All previous paragraphs are incorporated as though fully set forth herein.

47. Plaintiff asserts this claim on behalf of himself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

48. At all times material to the allegations herein, Plaintiff was an employee of Defendant and entitled to the FLSA's protections.

49. Defendant is an employer covered by the FLSA.

50. The FLSA requires employees be paid for all time worked.

51. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. *See* 29 U.S.C. § 207.

52. Voluntary tips are tips under the FLSA. *See, e.g.*, 29 C.F.R. §§ 531.52(a), 531.53.

53. Compulsory service charges are not tips under the FLSA, but are wages that must be included when calculating the regular rate of pay and the proper overtime rate of pay for hours over 40 in a workweek. *See, e.g.*, 29 C.F.R. § 531.55.

54. By designating compulsory service payments as voluntary tips, Defendant does not include all wages it pays to Plaintiff and other Tipped Employees for purposes of calculating the regular rate and overtime rate calculation.

55. As a result, Defendant has violated the FLSA by failing to pay Plaintiff and other Tipped Employees at the proper overtime rate for hours over 40 in a workweek.

56. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of himself and all others similarly situated:

A. A finding that Defendant has violated the FLSA;

B. A finding that Defendant's FLSA violations are willful;

C. A judgment against Defendant and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages that Defendant has failed and refused to pay in violation of the FLSA;

D. Prejudgment interest to the fullest extent permitted under the law;

E. Liquidated damages to the fullest extent permitted under the FLSA;

F. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA; and,

G. Such other and further relief as this Court deems just and proper in equity under the law.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: October 10, 2022

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (No. 24968)**
**JOSHUA A. FRANK (No. 33294)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

*Attorneys for Plaintiff*