# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY STANGER, On Behalf of Himself and All Others Similarly Situated, | )<br>)<br>) |
| *Plaintiff*, | ) COLLECTIVE ACTION<br>)<br>) CASE NO. 3:22-cv-00800 |
| v. | )<br>) JUDGE TRAUGER |
| MARRIOTT HOTEL SERVICES, INC. d/b/a GAYLORD OPRYLAND RESORT & CONVENTION CENTER, | )<br>) JURY DEMAND<br>)<br>) |
| *Defendant*. | ) |

## ORDER
## GRANTING APPROVAL OF FLSA SETTLEMENT AND DISMISSING CLAIMS OF NAMED PLAINTIFF AND OPT-IN PLAINTIFFS WITH PREJUDICE

The Court, having reviewed Plaintiff's Unopposed Motion for Court Approval of FLSA Collective Action Settlement and Dismissal of Claims of Named Plaintiff and Opt-In Plaintiffs with Prejudice ("Motion for Settlement Approval"), hereby ORDERS and ADJUDGES:

1. The Motion for Settlement Approval is hereby GRANTED.

2. With respect to those individuals who have already joined this lawsuit as party plaintiffs, the Court grants approval of the resolution of their claims. In doing so, the Court finds that the Settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

3. With respect to those individuals who have not already joined this lawsuit as party plaintiffs (referred to in the Settlement Agreement as "Potential Collective Members"), the Court grants approval of the distribution of the Settlement Notice and Consent to Join Form, attached to the Settlement Agreement as Exhibits B and C. The Court further finds the resolution of the claims for those Potential Collective Action Members who file a timely consent form to be fair and reasonable.

4. The proposed settlement falls within the "range of reasonableness" and therefore the Court grants approval of the settlement. Based on a review of the papers submitted by Plaintiffs, the Court finds that the settlement is the result of arm's length negotiations conducted after Counsel has adequately investigated the claims and become familiar with the strengths and weaknesses of those claims.

5. The resolution of this case has created a common benefit fund for the class, so it is appropriate to assess attorney's fees against the fund. *Hosp. Auth. of Metro. Gov't v. Momenta Pharm., Inc.*, No. 3:15-cv-01100, 2020 U.S. Dist. LEXIS 99546, at *2 (M.D. Tenn. May 29, 2020).

6. Further, the requested fee meets all of the relevant factors articulated by the Sixth Circuit in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

7. Therefore, payment of $100,000.00 for Plaintiffs' attorneys' fees and $8,104.40 for Plaintiffs' costs and expenses is approved as fair and reasonable. The Court also finds the requested service payment of $3,000.00 to Named Plaintiff Timothy Stanger appropriate in light of the facts and circumstances and the relevant case law. The service payment is therefore also approved.

8. The Parties are ordered to carry out the settlement according to its terms.

9. Named Plaintiffs' claims and all Opt-In Plaintiffs' claims brought under the FLSA claims are hereby dismissed with prejudice consistent with the settlement agreement.

10. The Court shall retain jurisdiction to enforce and interpret Settlement Agreement.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. DISTRICT JUDGE